**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ERICKA VALENZUELA,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| **v.** | § | **EP-26-CV-01604-KC** |
| | § | |
| **CHEDRAUI USA, INC., d/b/a EL SUPER and ESPERANZA RODRIGUEZ,** | § | |
| | § | |
| | § | |
| | § | |
| ***Defendants.*** | | |

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion to Remand to State Court, ECF No. 4 [hereinafter "Mot."], referred to the undersigned Magistrate Judge for report and recommendation[1] by United States District Judge Kathleen Cardone, pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 1(d) of Appendix C to the Local Rules. For the reasons set forth herein, the Court **RECOMMENDS** the Motion be **GRANTED.**

## I. BACKGROUND

On May 11, 2026, Plaintiff commenced this action by filing a petition in the 346th Judicial District Court in El Paso County, Texas. *See* Defs.' Notice of Removal, ECF No. 1 ¶ 1 [hereinafter "Not. Removal."]. The action arises from a workplace injury Plaintiff sustained while employed by Defendant El Super on June 14, 2024. Not. Removal Ex. A at 3 [hereinafter "Pl.'s Orig. Pet."][2]. On June 14, 2024, Plaintiff was assigned to work in the kitchen processing five-gallon jugs of

---

[1] The Fifth Circuit has held "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court . . ." *Davidson v. Georgia-Pacific, LLC.*, 819 F.3d 758, 765 (5th Cir. 2016).
[2] For Plaintiff's Original Petition page numbers refer to the internal page numbers from the original filing.

juice. *Id*. One of the five-gallon jugs was placed on cart which was not designed or intended to hold heavy liquid containers. *Id*. When Plaintiff bent down to pick up the jug, she suddenly felt a "pop" or "crack" in her left wrist. *Id.* This is the injury that serves as the basis for the action. Plaintiff alleges negligence by Defendant El Super and Defendant Esperanza Rodriguez. *See id*. at 7. At the time of the injury, Defendant Rodriguez was the Kitchen Manager responsible for supervising Plaintiff and assigning tasks. *Id*.

Defendants filed a notice of removal on June 10, 2026. *See* Not. Removal. Defendants assert that this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). *Id*. ¶ 6. Plaintiff is a citizen of Texas. *Id*. ¶ 7. Defendant El Super is a citizen of Delaware and California. *Id*. ¶ 8. Defendant Rodriguez is a citizen of Texas. *Id*. ¶ 9. Defendant El Super argues that "Plaintiff has no claim against Esperanza Rodriguez under Texas law and as such, the Court should disregard Esperanza Rodriguez as a non-diverse defendant." *Id*.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States." 28 U.S.C. § 1332(a)(1)[3]. Diversity jurisdiction is not proper "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). "Therefore, where defendants seek removal and non-diverse defendants are present in the case, the defendants must show that complete diversity exists by demonstrating that the plaintiff has improperly joined the non-diverse defendants." *Betancourt v. Electrolux*

[3] Plaintiff has requested damages in an amount over $1,000,000.00. Pl.'s Orig. Pet. at 12.

*Home Care Products, Inc.,* No. EP–10–CV–320–PRM.*,* 2011 WL 3678649, at *2 (W.D. Tex. Jan. 13, 2011).

**A. Improper joinder**

The Fifth Circuit has recognized two ways to establish improper joinder; "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). The test to establish improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood,* 385 F.3d at 573.

To determine whether a party was improperly joined a court may conduct "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood,* 385 F.3d at 573. A court may pierce the pleadings and conduct a summary judgment inquiry only in cases "in which a plaintiff has stated a claim but has misstated or omitted discrete facts that would determine the propriety of joinder." *Id*.

The removing party bears the burden of proof to establish there is no reasonable basis upon which the plaintiff could recover from the non-diverse defendant. *See Gasch v. Hartford Accident & Indem. Co.,* 491 F.3d 278, 281 (5th Cir. 2007) (citing *Guillory v. PPG Indus., Inc*., 434 F.3d 303, 308 (5th Cir. 2005)). If the party carrying this "heavy burden", *Smallwood,* 385 F.3d at 574, fails to meet it then, the District Court must remand the case to state court, *Sepulveda v. Alvarez,* 782 F.

Supp. 3d 470, 477 (W.D. Tex. 2025) (citing *Martinez v. Pfizer Inc.,* 388 F. Supp. 3d 748, 762 (W.D. Tex. 2019)).

"In deciding whether a party was improperly joined, [courts] resolve all contested factual issues and ambiguities of state law in favor of the plaintiff." *Gasch,* 491 F.3d at 281 (citing *Guillory*, 434 F.3d at 308). Because removing a case from state court raises significant federalism concerns "[t]he removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch,* 491 F.3d at 281-82 (citing *Carpenter v. Wichita Falls Indep. Sch. Dist*., 44 F.3d 362, 366 (5th Cir. 1995); *Acuna v. Brown & Root Inc*., 200 F.3d 335, 339 (5th Cir. 2000)).

**B. Personal liability for employees under Texas law**

The Texas Supreme Court has held "[w]hen the employer is a corporation, the law charges the corporation itself, not the individual corporate officer, with the duty to provide the employee a safe workplace." *Leitch v. Hornsby,* 935 S.W.2d 114, 117 (Tex. 1996) (collecting cases). While a corporate officer may be liable to others for her own negligence "individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." *Id.* (collecting authority). In *Leitch*, the Texas Supreme Court explained that an employee could be personally liable for actions committed within the scope of her employment. *Id*. For example, "an agent whose negligence causes an auto accident may be held individually liable along with his or her employer when driving in the course and scope of employment." *Id*. (citing *Schneider v. Esperanza Transmission Co*., 744 S.W.2d 595, 596–97 (Tex. 1987); *Le Sage v. Pryor,* 154 S.W.2d 446, 448 (Tex. Comm'n App. 1941)). The employee would still be individually liable "[b]ecause the agent owes a duty of reasonable care to the general

public regardless of whether the auto accident occurs while driving for the employer . . ." *Leitch*, 935 S.W.2d at 117 (citing *Schneider*, 744 S.W.2d at 596–97),

Additionally, "[a] corporation's employee is personally liable for tortious acts which [she] directs or participates in during [her] employment." *Leyendecker & Assocs., Inc. v. Wechter,* 683 S.W.2d 369, 375 (Tex. 1984) (citing *Mayflower Inv. Co. v. Stephens*, 345 S.W.2d 786, 795 (Tex. App. 1960); *Light v. Wilson*, 663 S.W.2d 813, 815 (Tex. 1983)). An independent duty, and in turn personal liability, "may arise when the officer or employee personally creates a dangerous situation that causes injury." *In re Butt,* 495 S.W.3d 455*,* 466 (Tex. App. 2016) (citing San *Benito Bank & Trust Co. v. Landair Travels,* 31 S.W.3d 312, 319 (Tex. App. 2000)).

## III. DISCUSSION

### A. Plaintiff has a reasonable basis for recovery against Defendant Rodriguez

In her original complaint, Plaintiff asserts eight specific acts or omissions that constituted negligence by Defendant Rodriguez on June 14, 2024. Pl.'s Orig. Pet. at 8. The allegations are as follows:

1. Failing to provide Plaintiff with adequate assistance, a second employee, or proper equipment to safely lift and move the 5-gallon juice containers she was assigned to process;
2. Failing to assess whether the assigned task could be safely performed by a single employee, particularly given the weight of the containers and their placement on a cart not designed for that purpose;
3. Assigning Plaintiff to perform a physically dangerous task without ensuring adequate safeguards, tools, or personnel assistance were in place;
4. Ignoring the dangerous condition created by the improper placement of the 5-gallon jug on the cart, and failing to correct, report, or address that condition prior to assigning Plaintiff to work in that area;
5. Failing to adequately supervise the kitchen area and enforce safe lifting and container-handling protocols among employees under her supervision;
6. Failing to intervene or take corrective action despite her awareness that the assigned lifting task presented unreasonable risk of injury to plaintiff;
7. Failing to provide Plaintiff with any instruction, warning, or guidance regarding the safe method for lifting and handling heavy liquid containers in the position in which they were stored on the date of the incident;

> 8. Establishing and perpetuating a workplace culture in which employees were discouraged from reporting injuries and were required to continue performing hazardous tasks despite known risks, as evidenced by Defendant Rodriguez's response to Plaintiff's prior knife injury

Pl.'s Orig. Pet. at 8.

In support of her motion to remand, Plaintiff collects cases in which courts found an employee could be personally liable under Texas law for conduct that occurred within the scope of her employment. *See e.g., Burney v. Costco Wholesale Corp,* No. 4:23-CV-00094-SDJ-AGD, 2024 WL 1505744, at *2 (E.D. Tex. Mar. 6, 2024) (court granted motion to remand finding that employee could have an independent duty of care to customer when pushing carts that struck and injured the customer); *Guzman v. Cordero*, 481 F. Supp. 2d 787, 791 (W.D. Tex. 2007) (court granted motion to remand finding that an employee who conducted the vehicle inspection could have an independent duty of care to customer later injured in the vehicle); *Richardson v. Wal-Mart Stores Tex., LLC.,* 192 F. Supp. 3d 719, 724 (S.D. Tex. 2016) (court granted motion to remand finding that an employee could be personally liable to a customer for removing a shampoo bottle from a spill making the situation more dangerous). Defendants' response included a collection of cases in which an employee was not found personally liable under Texas law. *See e.g., Mascorro v. Wal-Mart Stores Inc.,* No. EP–15–CV–00112–FM, 2015 WL 3447987, at *3 (W.D. Tex. May 28, 2015) (court found no reasonable basis for plaintiff to recover against store manager who had no personal involvement in the incident when plaintiff only alleged negligent training, hiring, and supervising of employees in the customer-invitee context); *McKinney v. Home Depot, USA, Inc.,* No. 4:06-CV-0327-A, 2006 WL 2947324, at *3 (N.D. Tex. Oct. 13, 2006) (same); *Dougay v. Dolgencorp of Tex. Inc.,* No. 1:19-CV-00419, 2019 WL 13141530, at *3 (E.D. Tex. Nov. 21, 2019) (same). Since the cases cited by both Plaintiff and Defendants concern third party liability the Court does not find them particularly persuasive.

Instead, the Court finds three cases which arose in the employer-employee context more instructive to analyze the above captioned case. *See Salcedo v. Alberston's LLC*., EP-19-CV-137-KC, 2019 WL 13194255, at *1 (W.D. Tex. Nov. 7, 2019); *Betancourt,* 2011 WL 3678649, at *1; *Hansen v. Home Depot U.S.A., Inc.,* No. 3:24-CV-1696-S, 2024 WL 4847376, at *1 (N.D. Tex. Nov. 19, 2024). In *Salcedo*, plaintiff alleged her co-worker, the non-diverse defendant, was liable because he personally created the dangerous situation by stacking boxes incorrectly and failing to warn plaintiff of the risk. *Salcedo,* 2019 WL 13194255, at *1. The court noted that "courts distinguish between cases controlled by *Leitch* and *Tri*—where a supervisor who played no direct and personal role in the challenged conduct is sued—and those in which a personal duty arises—where the joined employee was directly and personally involved in the alleged tort." *Id*. at *4 (citing *Leitch*, 935 S.W.2d at 117; *Tri v. J.T.T.*, 162 S.W.3d 552, 563 (Tex. 2005); *Lyle v. 24 Hour Fitness, USA, Inc.*, No. A-14-CA-300 LY, 2014 WL 5094126, at *4 (W.D. Tex. Oct. 10, 2014), *R. & R. adopted* 2014 WL 12877368). The court also noted that "Texas law provides that an individual who creates a dangerous situation has a duty to rectify that situation to prevent injury to others." *Salcedo,* 2019 WL 13194255, at *5 (quoting *Lyle,* 2014 WL 5094126, at *3). The court held that although the co-worker was acting within the scope of his employment, he could still be found personally liable under Texas law for the dangerous situation he created. *Salcedo,* 2019 WL 13194255, at *5.

Similarly, in *Bentacourt,* the court granted a motion to remand finding that there was a viable claim against the non-diverse defendant who was the plaintiff's supervisor. *Bentacourt*, 2011 WL 3678649, at *5. Mr. Bentacourt alleged that his supervisor, Defendant Nestor "required Plaintiff to load a trailer at an excessive pace and that, as a result, Plaintiff suffered a heart attack." *Id*. at *1. The court held that it was possible that Defendant Nestor had an independent duty of

care to Mr. Betancourt because Defendant Nestor was "directly and personally involved in the conduct that allegedly caused Plaintiff's injuries," unlike the defendants in *Leitch*. *Id*. at *4. The court found there was a reasonable basis for Mr. Bentacourt to recover from Defendant Nestor. *Id*. at *5.

The case most analogous to the above captioned case is *Hansen v. Home Depot U.S.A., Inc.,* No. 3:24-CV-1696-S, 2024 WL 4847376, at *1 (N.D. Tex. Nov. 19, 2024). Mr. Hansen was an employee of Home Depot, who was instructed by the assistant store manager, Defendant Sayles, to place vacuums onto the overhead section of a shelf. *Id*. Mr. Hansen "argue[d] that he [could] succeed on his negligence claim against Sayles in his individual capacity because Sayles 'personally and directly participated in the events that caused' Plaintiff's injuries since he instructed Plaintiff to place the vacuums onto the shelves, knowing that Plaintiff would perform the task with unsafe equipment." *Id*. at *3 (quoting *Bowens v. Sweeping Corp. of Am., LLC*, No 3:24-CV-178-BN, 2024 WL 3278969, at *13 (N.D. Tex. July 2, 2024)). The court found that Mr. Hansen's assertion that Defendant Sayles instructed Mr. Hansen to participate in the injurious conduct, knowing that the task was particularly dangerous for Mr. Hansen, was sufficient to establish a reasonable possibility of recovery. *Hansen*, 2024 WL 4847376, at *4.

Here, Plaintiff alleges that Defendant Rodriguez was responsible for assigning work tasks. Pl.'s Orig. Pet. at 7. Plaintiff asserts that Defendant Rodriguez is liable for negligence on June 14, 2024 for "*assigning* Plaintiff to perform a physically dangerous task without ensuring adequate safeguards, tools, or personnel assistance were in place." *Id*. at 8 (emphasis added). Plaintiff further alleges that Defendant Rodriguez "ignore[ed] the dangerous condition created by the improper placement of the 5-gallon jug on the cart, and fail[ed] to correct, report, or address that condition prior to assigning Plaintiff to work in that area." *Id*. Plaintiff claims that Defendant

Rodriguez was personally involved in the conduct that caused Plaintiff's harm by instructing Plaintiff to engage in the task. Plaintiff asserts that Defendant Rodriguez knew or should have known that this was a particularly dangerous task because of the placement of the jug. *See id*. This factual scenario is analogous to the facts in *Hansen*, 2024 WL 4847376, at *3.

When assessing improper joinder, "[courts] resolve all contested factual issues and ambiguities of state law in favor of the plaintiff." *Gasch,* 491 F.3d at 281 (citing *Guillory*, 434 F.3d at 308). In conducting this analysis "[courts] do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so." *Guillory,* 434 F.3d at 308-09. As stated above, the Fifth Circuit has made clear that "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch*, 491 F.3d at 281-82 (citing *Carpenter*, 44 F.3d at 366; *Acuna,* 200 F.3d at 339). Resolving all factual ambiguities in favor of Plaintiff, it is reasonable Plaintiff could prove Defendant Rodriguez had an independent duty of care because Defendant Rodriguez was personally and directly involved in the injurious conduct. Since Plaintiff could possibly recover on her negligence claim against Defendant Rodriguez under Texas law, Defendant Rodriguez is properly joined, and diversity jurisdiction does not exist. Therefore, remand is warranted.

## I. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** Plaintiff's Motion to Remand to State Court, ECF No. 4, be **GRANTED**.

**SIGNED** this 30th day of September, 2026.

**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**